[No. 17207. Department One. September 5, 1922.]

M. CUMMINS, *Respondent,* v. S. E. ALLEN *et al.,*
*Appellants.*[1]

MUNICIPAL CORPORATIONS (379, 389)—USE OF STREETS—COLLISION AT CROSSING—NEGLIGENCE—EVIDENCE—SUFFICIENCY. The evidence sufficiently shows defendant's negligence in a collision of automobiles at a street intersection, notwithstanding the driver of his car testified that he reached the intersection first and was half way across before plaintiff entered it, where it appears by all the evidence that the cars collided before defendant's car reached the center and that, by greater speed, the driver attempted to run around in front of plaintiff's car without taking any precautions.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 2, 1921, upon findings in favor of the plaintiff, in an action for damages to property sustained in an automobile collision, tried to the court. Affirmed.

[1]Reported in 208 Pac. 1118.

*Burkey, O'Brien & Burkey,* for appellants.

*H. P. Jones,* for respondent.

MITCHELL, J.—This action arises out of the collision of two automobiles at the intersection of Oakes street and North Twenty-first street, in the city of Tacoma. Plaintiff's car, driven north, entered the intersection from Oakes street, the other car, driven east, entered the intersection from North Twenty-first street. Upon the trial of the case without a jury, the plaintiff prevailed. The defendants have appealed.

It is assigned that the court erred in finding for the respondent and not dismissing the complaint, and also erred in the assessment of damages.

On the question as to whose fault caused the accident, there is a conflict in the evidence. A consideration of all the evidence, as shown in the statement of facts, convinces us that the trial court reached the correct conclusion. Generally speaking, the proof on the part of the respondent was consistent and convincing, while that on behalf of the appellants was not so in important particulars. The driver of appellants' car testified that he entered the intersection first, again he testified that he was well into it before the respondent was, and, at still another time, he said that he was half way across the intersection before respondent's car reached it, and yet, by all the evidence, the cars collided at a point on respondent's proper course north of the center of the intersection. We are satisfied, from a consideration of all the evidence, that respondent entered the intersection first, and that the driver of appellants' car, with a greater rate of speed, attempted to run around in front of her, and without taking any precautions, immediate or otherwise, caused the collision as respondent was engaged in trying to check her car upon seeing there was danger of a collision.

As to the amount of the recovery, there was no error in the manner of proof, while the amount awarded was well within the evidence.

Affirmed.

PARKER, C. J., TOLMAN, FULLERTON, and BRIDGES, JJ., concur.